## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR16** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **LUCAS J. LACY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 55), and the Defendant's motion for downward departure (Filing No. 59). The government adopted the PSR (Filing No. 56). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 21, 22, 23, 24 and 25 of the PSR. The objections are discussed below.

### ¶ 21 - Prepubescent Minor or Minor Under Age 12

The Defendant objects to the 2-level upward adjustment to the offense level under U.S.S.G. § 2G2.2(b)(2). The objection will be heard at sentencing, and the government has the burden of proof by a preponderance of the evidence.

### ¶ 22 - Distribution of Receipt, etc., of a Thing of Value

The Defendant objects to the 5-level upward adjustment to the offense level under U.S.S.G. § 2G2.2(b)(3)(B). The objection will be heard at sentencing, and the government has the burden of proof by a preponderance of the evidence.

### *¶ 23 - Sadistic or Masochistic Conduct or Other Depictions of Violence*

The Defendant objects to the 4-level upward adjustment to the offense level under U.S.S.G. § 2G2.2(b)(4). It appears that the Defendant's argument is that the enhancement is double-counting. The objection is not supported by legal authority. The Court's tentative finding is that the objection is denied.

### *¶ 24 - Use of a Computer or Interactive Computer Service*

The Defendant objects to the 2-level upward adjustment to the offense level under U.S.S.G. § 2G2.2(b)(6). It appears that the Defendant's argument is that the enhancement is double-counting. The objection is not supported by legal authority. The Court's tentative finding is that the objection is denied.

### *¶ 25 - Number of Images*

The Defendant objects to the 5-level upward adjustment to the offense level under U.S.S.G. § 2G2.2(b)(7)(D), arguing that no "actual images" were found on his computer. The objection will be heard at sentencing, and the government has the burden of proof by a preponderance of the evidence.

IT IS ORDERED:

1.      The Defendant's Objections to ¶¶ 23 and 24 of the Presentence Investigation Report (Filing No. 55) are denied;

2.      The Defendant's Objections to ¶¶ 21, 22, and 25 of the Presentence Investigation Report (Filing No. 55) will be heard at sentencing;

3.      Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4.      If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.      Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final;

6.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing;

7.      Depending on the anticipated length of the hearing, counsel might wish to reschedule the hearing by immediately contacting Edward Champion; and

8.      The Defendant's motion for downward departure (Filing No. 59) will be heard at sentencing.

DATED this 21st day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge